838 So.2d 645 (2003)
Jackie Vernon CHAPPELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3664.
District Court of Appeal of Florida, Fifth District.
February 28, 2003.
*646 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Jackie Vernon Chappell appeals his convictions for possession of cocaine, possession of 20 grams or less of cannabis, possession of drug paraphernalia, and resisting an officer without violence. He contends that he had been illegally stopped, and that the court erred in denying his motion to suppress. We affirm.
At the hearing on the motion to suppress, Officer Ryan Brackmeier testified that he responded to a call about a suspicious male with long hair, a baseball cap, and bad teeth sitting on the steps at an apartment complex. The call came from a resident of the complex who identified herself. When Officer Brackmeier arrived, he found Chappell, who fit that description, sitting on the steps. When Officer Brackmeier stepped out of the patrol car, Chappell walked down the steps to Officer Brackmeier. Officer Brackmeier testified that when he asked Chappell what he was doing there, Chappell responded that he was waiting for a friend to arrive home. Chappell also stated that the people residing in the first-floor apartment could identify him. Officer Brackmeier testified that Chappell knocked on the door to that apartment, opened the door, put his two bags inside the doorway, and announced to the occupants that they knew him. The occupants put the bags back outside the door and closed it, stating that they did not know Chappell.
According to Officer Brackmeier, he asked Chappell for identification but when Officer Brackmeier ran the name Chappell gave him, no record was found for the name and date of birth given by Chappell. Officer Brackmeier asked for further information *647 so that he could ascertain Chappell's identity, and Chappell began to pace, stating that he had to urinate. Officer Brackmeier told Chappell he was not going to urinate in public, and that as soon as the quick interview was concluded, he could leave. Chappell again stated that he had to urinate. Leaving the larger bag and a pair of shoes behind, he picked up the smaller of his two bags, a waist pouch, and began strapping it to his waist as he walked away. Officer Brackmeier told him to stop, but Chappell continued walking away. When Chappell got to the corner of the breezeway he turned and took a stance that suggested he was about to urinate. Officer Brackmeier told him to stop, and Chappell began to run. While Officer Brackmeier was chasing him, Chappell tossed the bag into the bushes, stopped, and put his hands up. Officer Brackmeier retrieved the bag, which contained cocaine, cannabis, and drug paraphernalia.
The trial court ruled that the encounter between the officer and Chappell was initially consensual, but that the officer had grounds to detain Chappell after he gave the officer false identification. On appeal, Chappell contends that his having given false identification was insufficient grounds to detain him.
There are three levels of interactions between police officers and citizens: (1) consensual encounters; (2) investigatory stops; and (3) arrests. McMaster v. State, 780 So.2d 1026 (Fla. 5th DCA 2001). A consensual encounter does not involve restriction of the citizen's freedom. Popple v. State, 626 So.2d 185 (Fla.1993). In the instant case, the initial involvement between the officer and Chappell was consensual. The officer pulled into the apartment complex and Chappell approached the officer. Further, the officers asking Chappell for identification and running a check did not change the encounter into a detention. See Lightbourne v. State, 438 So.2d 380, 387-388 (Fla.1983).
When the officer told Chappell that he could not leave, and when he ordered Chappell not to walk away, the encounter obviously became a detention. Whether the detention was lawful depends upon whether the officer had "reasonable suspicion" to stop and detain Chappell for investigation. See A.D.J. v. State, 813 So.2d 127, 129 (Fla. 5th DCA 2002).
In justifying a stop, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." "[T]he facts [must] be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" To determine whether information is sufficient to support a reasonable suspicion, the court must assess the totality of the circumstances known to the law enforcement officer and determine whether an experienced law enforcement officer could draw inferences and make deductions that would raise a suspicion that the individual being stopped was engaged in wrongdoing.
Id. at 129-130 (quoting State v. Hunter, 615 So.2d 727, 730 (Fla. 5th DCA 1993)).
A court's evaluation of reasonable suspicion is guided by common sense and ordinary human experience. Id. at 130 (citing State v. Burns, 698 So.2d 1282, 1284 (Fla. 5th DCA 1997)). Moreover, part of the totality of the circumstances is the fact of flight. Id. (citing Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)). In the instant case, responding to a call from a person who *648 would be classified as a "citizen informant," and would therefore be considered reliable, see State v. Maynard, 783 So.2d 226, 230 (Fla.2001), the officer found Chappell sitting on the stairway with no apparent purpose. Chappell claimed that the residents of the first-floor apartment could identify him, but they disclaimed knowledge of him and jettisoned his bags. A check yielded no person with the name and date of birth given by Chappell. When Chappell said he had to urinate, he strapped on a waist pouch and walked away, leaving behind the rest of his belongings. Under the circumstances, we conclude that Officer Brackmeier was justified in detaining Chappell.[1]
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] In light of this result, we do not address the state's argument that motion to suppress was properly denied under California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).